Good morning. May it please the Court. Kevin Russell on behalf of the Defendant's Appellants. Many a prevailing party in state court litigation comes away with the impression that his opponent's case was not only meritless but frivolous. A principal question in this appeal is whether he should also believe, as a consequence, that he has a federal cause of action under RICO for treble the cost of defending that suit. The verdict in this case can only be that filing a baseless claim in state court coupled with two uses of the mail without more constitutes a pattern of racketeering that gives rise to an automatic right to recover three times the cost of the state court litigation plus attorney's fees for the RICO case, in this case to the tune of $11 million. Such a ruling would provide a roadmap that will undoubtedly be followed by many others. Is there an attorney's fee award on appeal here? No, there isn't. That attorney's fee request has been stayed pending this appeal. But I mention it because it reflects the danger of adopting this rule in that it provides That's the danger of a RICO violation. In other words, treble damages and attorney's fees, antitrust, RICO. These are well-known principles. The real question you're raising, I think the core question is whether conduct which constitutes fraud on the court in some sense can support a RICO. That is the ultimate legal question. I raise these practical concerns simply to point out that it would be surprising if Congress had intended RICO to operate in this manner. What prevents RICO from operating in this manner is the requirement that the plaintiff prove that there's injury. Congress intended what it wrote. If we have underlined fraud claims, then that's what Congress intended. The better argument would be to get to the question of whether someone in some case commits fraud on a court by misrepresenting, clearly misrepresenting deliberately. Not in this case, but hypothetically, can state RICO. Let me answer that question directly. What prevents that kind of lawsuit from going forward is the requirement of proof that the injury is caused by reason of the fraud. That requires, we think, proving reasonable reliance on the Rule 11 certification that's basically called. You mean as an element or as part of? Not as an element, as a method of proving causation. Now, we recognize that in Bridge, the Supreme Court said it's not an element, and therefore, you don't have to prove it in a criminal case, for example. But the Supreme Court also recognized that it was hard to imagine. I didn't hear either. Is that right? Well, they either have to prove reliance or come up with a theory of causation that escapes … What about fraud on the court? Well, they have … I mean, this is the judicial system. And what if somebody … I mean, we can create a hypothetical that would shock every citizen. And the question is, an attorney steps before a court, commits a fraud on the court, and causes the defendants to appear before the court and expend monies in defense. Is that a fraudulent claim that can be an antecedent for RICO? Well, your question assumed, I think, the critical question about causation. You said it caused the defendants … Well, let me ask, then, please. You don't, as a predicate, you don't dispute, do you, CSX's recitation of the facts regarding the use of the x-ray technician, the manner in which clients were solicited, the powers of attorney, the sample questionnaire. You're not disputing any of that. Those are … I think we're probably disputing some of the characterizations of some of that. But that's not the question we're raising here. We're starting off with an attack on their legal theory. But how could … how is that not a fraud on the court? I'm not saying it's not a fraud on the court. It's not a fraud on CSX. And more particularly, it's not a fraud that caused CSX to incur the cost of defending the lawsuit. And that's because they either have to show that they reasonably relied on the Rule 11 certification, which they cannot do. No attorney can reasonably do or not do something in defense of their client simply because they believed the Rule 11 certification. Is that a necessary requirement in determining whether or not cause existed? That there was reliance under Rule 11? Can't you have a fraud claim with Rule 11 playing no part in the analysis? I suppose that conceivably you could, but that's not this case. There is these … Chambers said Rule 11 is just one way to seek sanctions. But you also have 28 U.S.C. Section 1927, which is often alluded to, and you also have the basic fundamental duty of an attorney not to commit a fraud on the court. That's undoubtedly true, but the question … And that's a separate fraud claim. It is a separate fraud claim. But to answer your question, attorney misconduct is ordinarily dealt with by the courts in which it occurred. And so there's no question that the state courts here have Rule 11, they have bar sanctions, and they have a malicious prosecution cause of action. Is it your position that a lawyer who files a claim for which that lawyer knows there's not evidentiary support for necessary elements of the claim, is it your position that they face no non-court disciplinary action? No, that's not our position. They face sanction under Rule 11. How is your position different from what CSX did in this case? Our position is that they are subject to sanction under Rule 11 by bar proceedings through common law malicious prosecution claims, just not under Rule 11. They just established that a claim can be made without reference to Rule 11. But they didn't make it … A fraud on the court can be freestanding without … But a fraud on the court freestanding for the same reasons doesn't cause the injury because whatever is said to the court … Let me back up. Fraud on the court is a very slippery term. If by fraud on the court you mean, for example, submission of falsified evidence, then maybe they would have a claim, but they haven't made that assertion here. Yeah, but why don't we start with the most extreme hypothetical in order to test your theory because you're suggesting that this doesn't give rise to a RICO claim. And my question is, let's take an extreme case where there was just complete fraud, the hypothetical that Judge Agee just put forward, and a person is hauled into court based on that fraud. Is there a fraud claim, a civil claim, that could be filed by the defendant in that case apart from just defending the case and referring the lawyers to the bar? Yes, there's a common law state law claim for malicious prosecution. The question here is whether you can forego that and instead seek a civil RICO action for trouble damages, which balances the policy concerns very differently. The state and developing the malicious prosecution claim … How about a fraud claim where the fraud is committed on the court? I don't … And the defendant is damaged by having to defend it. I think he has to prove that he's damaged by having to defend it. Let's assume he can. Well, if he can, then he would win. Our argument here is that he can't. Okay, so the theory then that CSX is following here is an okay theory. Now the question is whether they satisfy that theory, right? No. With respect, the argument that we're making, we're making two arguments. One is that they did not prove the theory. That's a sufficiency of the evidence. Okay, that's another argument. But our argument is they cannot. There is no quantum of evidence they could have put on because they have to prove causation, and to prove causation, they have to show that they relied on the misrepresentation, and they can't do that. They get a little conspiracy. They meet in a conference room, and they decide we're going to get a seriously ill person with a lot of asbestosis. We're going to take his X-ray, and then we're going to duplicate it 40 times and put different names on the others, all different employees, and we're going to submit 40 claims based on the one X-ray saying they all have asbestosis. The defendant is dragged into court and has to defend that. He spends a lot of money, and finally in discovery, two-thirds of the way through the case, he uncovers the fraud. Is there a fraud suit that that defendant can bring on those hypothetical facts? No, I don't think so, because he cannot. That, to me, you win if you're right. I mean, it seems to me if you're right, but it doesn't ring true to me that a person can do that without being damaged. Well, they can. My point is simply that the cause of action is malicious prosecution, not fraud, and certainly not repro. Who makes, in your view, who makes the determination on causation? Is it a jury question? It is a jury question. What did the jury decide here? Well, the jury was instructed ahead upon causation, and it did. When we were, I thought that in our prior opinion, we at least suggested very strongly that CSS could state a claim if it could support its allegations to the satisfaction of the jury, and it's done so here. Now, with respect, and I'm in the difficult position of telling you what you meant in your last opinion, but the question before the court in the last case was not this general legal question of whether you could ever state a claim. It was a question about actual, not reasonable reliance, and that's why Judge Davis felt comfortable filing his concurrence saying there's a very serious reasonable reliance problem here, but it's open for litigation on remand, and that's the question that we're coming for the court. And that litigation led to a jury finding, a jury verdict in favor of CSS. That's correct, and what we're arguing here is that as a matter of law, they cannot I think what Bridge says is that reliance is not an element, but it may be required in order to prove causation, and the court couldn't imagine a case in which you didn't have at least third-party reliance that could satisfy the causation requirement. So it's up to CSX either to come up with a theory that was beyond the Supreme Court's or to say that it was a reasonable reliance, and their only theory about causation other than reasonable reliance is simply the syllogism that without the Rule 11 certification, there couldn't have been a complaint filed. Can we leave the Rule 11 piece out of it for a moment and just stay with a straight-up fraud claim? So they would have to identify what is the fraud. What is the fraud? Ordinarily requires a false representation. The false representation is that I have a lawsuit for someone, and I'm filing this suit as claiming that they have been injured, and I know they have not been injured. I think that is in substance the same thing as the Rule 11 violation that they're arguing. Well, it may be, but Rule 11 offers a road to some sanctions, but in chambers, the Supreme Court said the rules and the statutes, all of these things are additional. They don't supplant each other. All right, I'm not disputing that. I'm simply saying… Okay, well, I'm just going along with Judge Duncan's hypothetical. Let's leave Rule 11 alone. Let's just talk about a straight-on fraud on the court. Is that actionable? Not under RICO. And you're saying it's not actionable. It's not actionable because they cannot show that they reasonably relied on any implicit representation in the filing of the lawsuit that it has. And issued process requiring the defendant to spend money. That is not, I don't think, accurate. I mean, that's not been their theory. Their theory has been that they're entitled for all the costs. Can you just respond to the question? You don't dispute the facts. You don't dispute the fact that there was some solicitation of clients, that there was a questionable x-ray technician relied upon. You don't dispute any of those facts. And as a result of those facts, CSX was put to the expense of defending. How is that, the expense of defending, not a reliance on what the jury apparently found to be a fraud? Because they would have had to incur those costs anyway. Because no attorney is going to rely on... Absent fraud, they wouldn't have. They wouldn't have. Well, absent the filing of the baseless lawsuit, they wouldn't have had to defend it. I'm calling it a fraud because my hypothetical is they deliberately set out to use the legal process to force the defendant to hopefully settle, but at least defend and settle maybe because they didn't want to defend. And, of course, that is a common phenomenon. Defendant can then eliminate the risk and can also defend. Sure. And I've tried to give you my best answer to that. Maybe if I could move on, then, to our sufficiency of the evidence claims. Because I think that... Why don't you go ahead? We understand your position on this. And it's somewhat dicey. You've made a good argument. But let's hear the rest of it. So their argument... Before you get to the pure sufficiency of the evidence, in reading the brief, it appears that you make at least three challenges to legal theory. Rule 11 certification, justifiable reliance, and litigation cannot, as a matter of law, be a predicate in WACC. CSX responds and says, can't find that in any of your Rule 50 motions. I've looked at those. I don't see it. Why is that? Why are any of those preserved? Because under BELC, pure issues of law don't have to be raised in Rule 50 motions so long as they're preserved somewhere else. We preserve that claim in our motion to dismiss their Third Amendment complaint. How do you square that with our decision in Varghese v. Huntingwell International? I think all the court there said was that a Rule 50 motion is a sufficient way to preserve a claim. But BELC says it's not a necessary one. And in this case, we preserved it through the motion to dismiss. There you had a summary judgment. Went through that proceeding. Then you went to trial, exactly as in this case. And in that case, Huntingwell failed to raise the legal issue to raise before and out of Rule 50. And you said in that case that wasn't sufficient. Well, I will say that that case is prior to Uniform and is prior to this court's very comprehensive interpretation of Uniform in BELC. And that case quite clearly says that… I thought that dealt with raising issues in 50A and 50B that dealt purely with factual sufficiency of the evidence questions. No, it wasn't. So one of the claims, for example, was preserved solely through a motion to eliminate in BELC. And the court cited other cases in which no Rule 50A motion had been filed at all. But at the very least, I would hope that you would agree in our Rule 50A motions, we did preserve the claim that there wasn't sufficient evidence to show that these particular people lacked asbestos, that it was so clear that this amounted to a sham. And I would refer you to the chart near the end of the appendix, which shows that for nine of the 11 claimants, at least one of the defendant's own experts classified the x-ray as either positive or seriously considered classifying it as positive. And we suggest that as a matter of law, a jury cannot find that when the defendant's own expert seriously considered finding the x-ray positive, that that is a Rule 11 violation. If I could reserve… Okay. I'm sorry. I thought you were talking about your sufficiency. That is. Watch for two minutes. Sure. So that's part of the sufficiency of evidence. They did not present sufficient evidence to show that there was a fraud here, to show that there was no reasonable basis for the factual allegations in this case. But I would just clarify, are you arguing that the evidence, that the totality of the evidence was insufficient or that the evidence that you claimed was, that without the evidence that you claimed was impermissibly admitted is not sufficient? No. I'm making the former claim, that even if you take all the evidence in the record, that evidence contains this chart, which is at page 2716 of the Joint Appendix, in which you will see that at least one of their experts in 82% of the cases, 82% of the claims, seriously considered or actually classified the x-ray as positive. But if a jury believed, I can't remember the expert's name for GSX, his testimony essentially that based on the positive D rate, D reader rate for Dr. Heron, that that's just not possible. If the jury believed that evidence, why wouldn't that be sufficient to show that the lawyer in filing these lawsuits could not have had a sufficient basis to believe that there was a factual basis for the claim? Because they nonetheless have to show, in order to show that there was a fraud on the court, that these 11 cases clearly did not, these folks did not have asbestosis. Even if there wasn't a reasonable investigation, even if the jury thought that we can't rely on Dr. Heron, we can rely on their experts because their experts told the jury. What if the jury found that six of them were clearly fraudulent and there was a question marked by two of them? Well, then I think there would be a question of whether that's sufficient to show a RICO pattern. The question was to show fraud. Well, I think they would have to- They would have to decide whether that was just bad statistics or whether there was a fraud involved because of that. It's hard for us to figure out what the jury's lawsuits were. Well, I think the correct thing to do is if you agree with us that they can't base a claim on somebody who their own expert seriously considered marking as positive, then you should remand for a new trial in which they have to prove their RICO claims based on the claimants for which there is sufficient evidence to show fraud. And the jury would have to decide whether they've shown a RICO pattern there, keeping in mind that these are 11 cherry-picked cases out of thousands. You would expect the evidence of fraud here to be overwhelming, but it simply isn't. In fact, it's not even sufficient. It wouldn't be sufficient to withstand a motion for summary judgment in the district court, I don't think. But if I could reserve the remainder of my time. All right. Thank you, Mr. Russell. Mr. Helm, a question? Thank you, Judge Niemeyer. May it please the Court. The vast majority of appellant's claims are precluded by virtue of this Court's prior decision in this case, forfeited by virtue of appellant's failure to raise the claims below or both. And they're not merely precluded and forfeited. They're precluded and forfeited on multiple independent grounds. So almost all of appellant's claims can be resolved without reaching merits. And I don't want to suggest for a moment that if the claims were properly before the Court they might have merit. They certainly do not have merit. In CSX's view, what role does Rule 11 play in our analysis? Rule 11 defines the representation that's made. And in some respect, a representation in one way or another is an element of a fraud claim, obviously. It's an element of a civil RICO claim that's predicated on schemes to defraud. So what Rule 11 does is that it sort of decrees as a matter of law that when a person files, a lawyer files a civil lawsuit, by signing that lawsuit, he or she is making a representation. And then the representation is, I think there is some basis in good faith for this lawsuit. It's not a fraud. It's not trumped up. Do you need Rule 11 to define the parameters? Can you establish a fraud without reference to Rule 11? Well, there's certainly a lot of other conduct here beyond that. And our basic theory is not simply that there is a lawsuit filed, for example, with an improper investigation, although that's part of it. It's broader than that. It's that there is a scheme to manufacture claims in the first instance and then to file lawsuits, mass lawsuits, containing literally thousands of those claims and inundate the court with them. So even before Rule 11, or notwithstanding Rule 11, if an attorney stands before a court and files a claim based on clearly trumped up evidence, fraudulent evidence, and makes a misrepresentation of the court and invokes the court's process, it didn't need to be done to have fraud, did it? No, I think that's absolutely right. That's a good question. And Rule 11 provides the court a sanction force with a safe harbor, which has a history of its own that goes back. Because when I was practicing and when I was district judging, we'd see Rule 11 claims filed against Rule 11 claims. And so somebody files a Rule 11 claim, and the other side says, well, that's a trumped up claim, so he files a Rule 11 claim. It gets silly. The notion is there was a duty of attorneys to be candid, to be active to the offices of the court. And when you commit a fraud on the court, it's a serious competition. I agree with everything you've just said. And the main submission that appellants are making, as far as their first set of claims is concerned, is that we are somehow attempting to bring a private right of action under Rule 11. And that's just not the case in any way. What we have done is allege common law causes of action and federal statutory causes of action, which have their own elements. We alleged all of them. We proved all of them to the jury, and the jury found all of them. So this is not a Rule 11 case. This is a common law fraud and civil reco case. As far as the- I believe that several places in your complaint apparently are reliant on Rule 11. In some ways it seems like that almost complicates your case. Because clearly you can't maintain a case where you say your private cause of action is based on a violation of Rule 11. So what- I'm looking on page 308 of the appendix, paragraph 157, and then I think you follow at 174. What's your purpose in referencing Rule 11 in those two paragraphs of your complaint? The purpose is what I said before, which is that Rule 11 sort of defines the representation. It creates the obligation to make it. And it's- I think that they're an independent obligation to bring truthful, well-grounded, non-fraudulent claims. Which goes back to my question, and I think you ultimately said that Rule 11 wasn't necessary, or at least I understood you to say that. I think there is. And I think all that Rule 11 does in that context is sort of make concrete this common sense, generally understood background principle that when you come to court as a lawyer, you can't bring a fraudulent claim. That's the only rule. It's inherent in the filing of a lawsuit, regardless of Rule 11. I think that's right. I think that's absolutely right. And what I was about to say is that the basic legal attack on our case that appellants raise here for the first time is that we are, in effect, relying solely on Rule 11. That's part of it. Set that aside. The appellants make other arguments about reliance on organization. How do you address those? Right. Let me start with reliance. And our first argument is that at least as far as the RICO claims are concerned, reliance isn't required. Bridge so holds to the extent that there's any question about what Bridge says. In this court's, what I believe is this court's only post-Bridge decision, I think it's called Biggs, the court clarified any possible doubt and made clear reliance is not an element of a RICO claim. So we didn't have to prove it at least as far as the RICO claims are concerned. As a practical point, does Bridge recognize that reliance is often an almost indispensable element of causation, just as a matter of fact? Right. Bridge did say that, and that's certainly true. It can be. But it isn't always. And I guess I'd say two things about that. The first is that we proved reliance. I don't think there's any question about that. And in this court's prior decision, it recognized that in a case of this type, if you file a lawsuit without a good faith basis, this court used, the word this court used was obviously the defendant would rely on the representation and the filing of the lawsuit indicating that there was a good faith basis for it. So we think the reliance here, as this court recognized in the prior appeal, is obvious and the basic reliance is when somebody sues you, you defend the case. That is how you rely on it. Anything about Rule 11 in that case? I think that's right. But the language the court used in reversing summary judgments against CSX was that a reasonable jury could find that the lawyer defendants at least lacked a good faith basis to file an asbestos injury claim. We also said that a reasonable jury could find that CSX, assuming the factual predicate, that CSX relied to its detriment on the defendant's alleged fraud as the basis of the misdemeanor. Right, that's absolutely right. And the court, as I say, the court thought that was obvious. So it seems to us that the court has essentially already resolved this issue. We think that's law of the case and preclusive. At the very least, it's stare decisis. I mean, the court has already decided the legal challenge. As far as causation is concerned, it's a very straightforward theory of causation. It's that if there had been no fraudulent lawsuit filed, we wouldn't have had to defend it. And if we didn't have to defend it, we wouldn't have had to expend money. That is the theory of causation. That is the theory of damages in the case. That's what we argued to the jury. That's what the jury found. We think it is amply supported. The jury had a funny point in this case and it troubles me a little bit. I know what I think the jury was doing. The jury was instructed not to duplicate damages between the RICO and the fraud. And so they entered their verdict on the RICO and entered zero damages on fraud. Well, that finding, if we accept that verdict, it seems to me you can't have a fraud claim without interest in you. Number one. And number two, you certainly can't have punitive damages which is your cross-example. But more troubling to me is what is that fraud verdict standing there like that? And is the jury acting so subtly that it's relying on the bridge concept for the RICO and didn't find the causation for purposes of common law fraud? Well, I think what the jury was doing, of course there's no way of knowing for sure, is reaching a verdict that may have reflected a concern that if it awarded the same damages for the common law claim we would recover them twice. Well, I think that's what common sense would say. And that's what I concluded the jury was doing. If they were told did they suffer damages as a result of fraud also the same damages, the jury would have said yes. But the form they were given didn't explain it that way and the judge's instruction of not duplicating the damages prompted the jury to put zero for the damages on fraud. Right, and I don't know that that somehow defeats the claim. I think it doesn't. I think they found... Well, I think there has to be an injury whether you actually have to have monetary damages on top of that I think is probably a separate question. At the very least, this is not... If you have injury without damage what happens to the court in a normal common law case, negligence case? They claim they were injured but there's no damage. What happens to that claim? Well, I think what I'm suggesting is that there may be a distinction between injury and damages. There may be, but I'm giving it to you. I'm saying somebody claims injury but there's no damage. What happens to the case? I think... Who throws it out? No, I think if a jury finds for the plaintiff the claim stands it's just there's no recovery of damages. And as far as punitive damages are concerned just to be clear our cross-appeal on punitive damages is conditional. We're not... Let's not address that right now. Could I ask you to go back to... You had started out by saying that there were independent bases for not reaching the merits. There was the law of the case contention and then there is also waiver. Could you walk briefly through your waiver analysis? Sure. And just to sort of frame this it seems to us that as far as the first set of claims is concerned which are the legal claims there are four independent procedural bars. As to the second set of claims the sufficiency claims there are two separate. Let me start with the first set of claims. I've already mentioned law of the case and I mentioned one version of it and that version basically is when an issue has been decided in a prior appeal the language of the case is by necessary implication the party against whom the decision was issued is foreclosed in subsequent proceedings from certain positions that are inconsistent with what was decided by necessary implication and that's what I think happened in the prior appeal in the part of the opinion I was quoting from and I think you Judge Duncan were quoting from also. There is an entirely separate law of the case theory which is sometimes known as a waiver law of the case theory and it's an alternative argument if you think I'm wrong about whether this issue was decided by necessary implication in the prior appeal at the very least it wasn't raised by appellants in the prior appeal and it's true they were appellees in the prior appeal it is equally true that appellees are not obligated to raise every single potential ground for an alternative ground for affirmance but the cases I think throughout federal courts of appeals make clear that they are obligated to raise the kind of foundational claims that attack the very idea that the plaintiff's claims can be brought and the most analogous case we think is one of the leading cases in this area an opinion by Judge Friendly from the Second Circuit called Fogle where the appellees in the first appeal failed to argue they were the defendants in the case failed to argue that there was no private right of action under which the claim was enforceable and then the case was reversed the plaintiffs won at trial when the case went back up on the second appeal they tried to raise that for the first time and the Second Circuit said you can't do that it seems to us this case is directly analogous because what appellants are saying in effect is that we have no right of action to enforce what they say is what we're trying to do what about your rule 50 argument your opposing counsel says the belt case renders those inoperative right two things about that the first is that Varghese as I think you were suggesting in your colloquy with my friend Mr. Russell squirrelly holds to the contrary I mean the last sentence before the conclusion of the opinion is although Honeywell moved for judgment as a matter of law they did not so move on this issue and therefore failed to preserve it for appeal they had raised the issue in a summary judgment motion they didn't raise it in rule 50 motion this court found it waived so to hear the three legal issues that are presented here on appeal by appellants first of all the first two the main two weren't raised anywhere in the district court forget about a rule 50 motion so they're waived under any conceivable theory but even the one claim they did raise in their motion to dismiss which is the third issue which is that litigation conduct is inactionable under RICO was not raised in a rule 50 motion so it's waived under Varghese as far as obviously overruling subsalentia or disfavored and in fact at least as I read Belk the legal issues there were raised at least in a rule 50 in one or the other of a rule 50 A or a rule 50 B motion and there's an intervening decision called Van Alstyne which suggests that it's sufficient to raise a legal issue in one or the other there were also some evidentiary challenges in Belk which no one says have to be raised in a rule 50 motion so those are our four procedural bar arguments as to the first set of claims as to the second set of claims the sufficiency claims the argument in the district court and Judge Duncan I think you were asking Mr. Russell about this the argument in the district court in the rule 50 motion was not what it is here which is that when you look at the totality of the evidence that was actually before the jury it's insufficient as a matter of law it was there are all these evidentiary rulings that we don't like you should rule for us on them then after you take all of that evidence out of the case what's left is legally insufficient now there's nothing wrong with making that kind of claim but what's wrong is making that kind of claim in the district court and then making a completely different rule 50 sufficiency evidence challenge in this court so that's one respect in which there's a waiver as to the sufficiency claims the other respect is that even if you think they did raise a challenge in the district court the totality of the evidence that was before the district court they didn't specify which elements with respect to which there was supposedly insufficient evidence and that understandably is why the district court said that and then sort of summarily said there's plenty of evidence as to all the elements so the district judge wasn't given a chance to do what appellants are asking this court to do which is to decide whether there is sufficient evidence on particular is that the way attorneys have been preserving sufficient evidence over the years it would be during we have that rule you have to preserve it so you file your motion lack of sufficient evidence and the judge said he couldn't say what evidence or he found wasn't true to some extent at the rule and 힘 heat of trial when someone stands at the I'm right I understand there's plenty of fall it's received for battery flexion and 28 days prior written post-trial motions after the verdict rule 50b motions it is expected and Belk actually holds that you have to do this in a specific way and the rule on its face requires specificity so at the very least in a post-verdict rule 50b motion it seems to me you can't just say and we think that appellant didn't do even this but at most they just said we think there's legally insufficient evidence as far as the evidence of the rule 50a motion just doesn't have sufficient  as far as the evidence of the rule 50b motion so I think that's right yes so those are our two arguments with respect to the sufficiency claims I'm going to ask give me what your thinking is on how we should treat the fraud claim you think a jury can enter a verdict on a fraud claim and find no damage and that's a legitimate verdict I do and my fallback argument is there's been no challenge to the verdict on that ground so that's true okay Mr. Russell Thank you I'd like to begin where I left off with this specific question about the sufficiency of the evidence claim that we made that there wasn't sufficient evidence  a fraud in this case because the 11 cases upon which they chose to base their claim had sufficient merit that they can't claim that there was a rule 11 violation or that there was a fraud on the court we preserved that it was not it was not clear to me I was under the impression that formed the basis of my question that your challenge was in fact to the was in fact to the insufficiency of the evidence that in your view should have been admitted I think that confusion arises from perhaps the unfortunate way in which we structured our rule 50B brief  and we presented to the chart we made the arguments that I've been making to you this morning about their own experts identifying that these x-rays were either but your argument there was directed to an old Pennington theory not the         old
judges: Paul V. Niemeyer, Allyson K. Duncan, G. Steven Agee